

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-08-354-CR

JOHN FRANK ANDERSEN A/K/A                                      APPELLANT
JOHN FRANK ANDERSON

V.

THE STATE OF TEXAS                                                    STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury convicted Appellant John Frank Andersen a/k/a John Frank Anderson of aggravated assault with a deadly weapon and assessed his punishment at sixteen years' confinement. The trial court sentenced him accordingly.

---

[1] ... *See* Tex. R. App. P. 47.4.

Andersen's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 87 S. Ct. 1396 (1967). We gave Andersen an opportunity to file a pro se brief, and he filed three letters—two of the letters were dated August 31, 2009, and September 10, 2009, and one was date-stamped October 9, 2009—in which he indicated that he had discovered two or three issues.[2] We construed these letters as his pro se brief. The State declined to file a reply.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no

---

[2] In his August 31 letter, Andersen states, "I have found many reasons to file a successful Appeal. The type of gun and load." In his September 10 letter, he states, "I have found two points of int[e]rest in my court record." In his letter date-stamped October 9, he states, "I have found three errors in my case file. One of witch [sic] is not in the records but was said."

pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, including supplementation of the record from this case's earlier indictment and dismissal before reindictment, and counsel's brief, and we have attempted to identify the two to three issues Andersen referred to in his three letters. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.


PER CURIAM

PANEL: MCCOY, LIVINGSTON, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 25, 2010